# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:11-CR-361 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TRISTAN GREEN (2)** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 26th day of February, 2019, upon consideration of the court's order (Doc. 192) directing defendant Tristan Green ("Green") to show cause why we should not deny as untimely his request (Doc. 191) to restore his original motion (Doc. 186) pursuant to 28 U.S.C. § 2255, and further upon consideration of Green's show cause response, (Doc. 194), and the government's reply in opposition thereto, (Doc. 196), and it appearing that Green filed a timely motion to vacate, set aside, or correct sentence pursuant to Section 2255 dated February 5, 2015, as well as a memorandum in support of that motion,[1] but that Green elected, in response to the court's order (the "Miller notice") issued pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), to withdraw his timely Section 2255 motion with the intent of filing an "all-inclusive motion" within 120 days, (Docs. 188, 189), after which the court entered an order (the "withdrawal order") deeming Green's Section 2255

---

[1] The government posits that Green's initial Section 2255 motion was untimely because it was not filed within one year of the Third Circuit's mandate. (Doc. 196 at 7). This position is inconsistent with the court's prior determination that Green's initial motion was timely, (see Doc. 192 at 1 n.1), as well as binding authority from the Supreme Court of the United States and the Third Circuit Court of Appeals, see Clay v. United States, 537 U.S. 522, 532 (2003); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

motion withdrawn and directing him to file any all-inclusive motion within 120 days of the court's Miller notice, (Doc. 190), and it further appearing that Green filed a second Section 2255 brief, identical in all substantive respects to his initial Section 2255 brief, within 120 days of the court's withdrawal order but more than 120 days after the court's Miller notice, (see Docs. 187, 191), and the court observing that, in his show cause response, Green explains that he misconstrued the court's Miller notice as suggesting that his initial, timely motion was lacking and could not stand on its own, thus motivating him to withdraw that motion to refile within 120 days as permitted by the notice, and that he also misread the notice as commencing the 120-day filing window from the date of the withdrawal order rather than the date of the Miller notice itself, (see Doc. 194), and the court finding that this case represents the rare circumstance in which "principles of equity would make rigid application of a limitation period unfair," United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013) (quoting Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)), because Green was "pursuing his rights diligently" when he timely filed his initial Section 2255 motion with the court, see id. (quoting Holland v. Florida, 560 U.S. 630, 649 (2010)), and because an "extraordinary circumstance"—to wit, Green's reasonable misunderstanding of the court's Miller notice, erroneously issued after his statutory limitations period had expired—resulted in withdrawal of Green's otherwise timely initial Section 2255 motion, see id., and further finding that that the equities support reinstatement of the underlying motion, and that the contrary result—to foreclose Green's right to seek Section 2255 relief due to confusion resulting from a court

2

order designed as a "prophylactic measure" to protect that very right, see Miller, 197 F.3d at 646—would be unjust and inappropriate, and the court thus concluding that the interests of justice mandate that the court reinstate Green's initial Section 2255 motion, deem same to be timely, and proceed to address the merits thereof, and the court lastly noting that, although Green's supplemental and counseled Section 2255 motion invoking Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), has been fully briefed, the underlying Section 2255 motion subject to this order has not, it is hereby ORDERED that:

1. Green's motion (Doc. 186) to vacate, set aside, or correct sentence and his memorandum (Doc. 187) in support thereof are REINSTATED.

2. The government shall file a response to Green's underlying Section 2255 motion on or before **Tuesday, March 19, 2019**.

3. Green shall file any reply brief in further support of his underlying Section 2255 motion on or before **Tuesday, April 9, 2019**.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania